STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-037

DAN GAIR, et al.,

Plaintiffs

v.

INHABITANTS OF THE TOWN
OF ELIOT

and

KBM BUILDERS, INC.,

Defendants

ORDER

This case comes before the Court on Petitioners Dan Gair, Holly Hunter, William Hamilton, Dan Stout, Jennifer Morgan, Nick Papin, and Bruce Turgeon's 80B appeal of the decision of the Zoning Board of Appeals of the Town of Eliot to deny their appeal from a decision of the Planning Board of the Town of Eliot. Following hearing, the appeal is Granted and the decision of the Zoning Board of Appeals is vacated.

## BACKGROUND

On March 15, 2005, the Planning Board of the Town of Eliot approved a six-lot major subdivision to be located on the corner of Boyce and Tidy Roads. The developer and owner of the property is KBM Builders. On April 12, 2005, Petitioners, all residing within 1/8 mile from the proposed subdivision, appealed the Planning Board's approval of the subdivision to the Zoning Board of Appeals ("ZBA"). The ZBA denied the appeal.

Petitioners use Boyce Road and Tidy Road, which they assert are substandard roads according to the Ordinance, to access the main road. Section 37-70 of the Ordinance requires streets to be a minimum of fifty feet wide. Testimony at hearing indicated that Boyce Road is thirteen feet wide. Although the Planning Board stated in its Conclusion that the standards of the subdivision ordinance (Chapter 41) have been or will be met, the Planning Board accepted the final site plan without mentioning whether it considered § 41-221(b)(3) or whether it specifically waived that provision as it had done for another provision in the Ordinance.[1] In its decision, the ZBA determined that the Planning Board did not waive § 41-221, rather it found that § 41-221 did not apply because there was no access road proposed within the subdivision. In concluding that the Planning Board did not act contrary to the Ordinance, the ZBA denied Petitioners' appeal. Petitioners filed a timely appeal to this Court.

## DISCUSSION

Petitioners oppose the project primarily because Boyce Road and Tidy Road are substandard roads and unable to support further increases in traffic. Petitioners argue that the Planning Board did not consider, as was required under the Ordinance, whether the proposed subdivision had a direct access to a street or road, previously accepted by the Town. Ordinance § 41-221(b)(3). KBM Builders argue that since the developer is not proposing a new access road, §41-221(b)(3) does not apply.[2]

---

[1] The planning board specifically waived § 41-150(11), the soil report and high intensity soil survey.

[2] KBM and the Town have also made a motion for a trial on the facts based on a more recent interpretation of § 41-221(b)(3) by the Planning Board in another case. The purpose of a trial of the facts is to assert new facts that were unavailable at the time of the filing of the complaint. In this case, the information Respondents seek to admit into evidence is a more complete explanation of the interpretation by the Planning Board of a provision of the Ordinance. These are not facts, but rather opinions.

Interpretation of an Ordinance is a question of law to be determined by this Court. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.2d 783, 786. The opinion of the planning board as articulated in a separate case may be considered as being in the nature of "precedent"; however, it is not binding on the court. The Motion for Trial of the Facts is Denied.

2

The Superior Court reviews the findings of the planning board "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Yusem v. Town of Raymond*, 2001 ME 61, P7, 769 A.2d 865, 869. As the party seeking to overturn the planning board's decision, Petitioners have the burden of demonstrating that no competent evidence supports the local board's findings. *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 8, 818 A.2d 1013, 1017.

Interpretation of the provisions of an ordinance is a question of law. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.2d 783, 786. The language at issue in the ordinance must be construed reasonably and with regard to both the ordinance's specific objective and its general structure. *Id.* Each undefined term is generally given its common and generally accepted meaning unless the context of the ordinance clearly indicates otherwise. *See Town of Union v. Strong*, 681 A.2d 14, 17 (Me. 1996) (interpreting a statute).

Section 41-221 of the Eliot Zoning Ordinance addresses street and traffic concerns for proposed subdivisions. Section 41-221(b)(3) provides:

> The planning board shall not consider or approve a subdivision plan unless or until it has direct access to a street or road previously accepted by the town or state. **Such street or road must be paved and shall meet the minimum requirements of a minor street, as defined in section 35-51.** A street or road which the town has not maintained for a period of 20 years shall be unacceptable for subdivision access.

Ordinance § 41-422(b)(3)(emphasis in text).

The planning board and the ZBA determined that this section only applies when a proposed subdivision also proposes a new street within the subdivision. That interpretation is contrary to the plain language of the Ordinance. The streets referred to

in § 41-221(b)(3) are existing streets, not proposed streets. A different section addresses the situation when a proposed subdivision also proposes new streets. Ordinance § 41-221(b)(2).[3] Section 41-221(b)(3) does not mention proposed streets. Rather, it refers to "a street or road previously accepted by the town or state" and "a street or road which the town has not maintained for 20 years." Both of these references refer to streets already in existence. If §41-221(b)(3) refers to proposed streets in new subdivisions rather than existing streets, as the Defendants argue, then §41-221(b)(2), which explicitly refers to "streets which a subdivider proposes" would be unnecessary.

While KBM argued in its brief that the requirements of §41-221(b)(3) were waived, at hearing it candidly acknowledged that the ZBA explicitly found that no waiver had been considered. There is no evidence in the record to support a finding of waiver.

The Defendants suggest that the interpretation of the ordinance asserted by the Petitioners would seriously impede development activity within the town and the court should construe the ordinance to avoid such a result. While that may be accurate, it is not the court's role to legislate – or perhaps in this case to un-legislate. That responsibility is vested in the citizens of Eliot.

The entry will be as follows:

The Petitioners' appeal is Granted and the decision of the ZBA is Vacated.

Dated:      March 25, 2005

G. Arthur Brennan
Justice, Superior Court

---

[3]      §41-221(b)(2) reads:
All streets which a subdivider proposes shall meet the minimum requirements of street design and construction standards in division 2 of Article II of chapter 37 of this Code whether the streets are to remain private or be dedicated for public ownership.

4

PLAINTIFFS

Dan Gair, Pro Se
Holly Hunter, Pro Se
44 Starboard Cove Rd
Eliot Me 03903


William Hamilton, Pro Se
11 Maddy Lane
Eliot Me   03903

Nick Papin, Pro Se
Bruce Turgeon, Pro Se
22 Boyce Rd
Eliot Me   03903


Dan Stout, Pro Se
Jennifer Morgan, Pro Se
72 Tidy Road
Eliot Me 03903


DEFENDANT:   Town of Eliot
Christopher Vaniotis, Esq.
BERNSTEIN SHUR SAWYER AND NELSON
PO Box 9729
Portland Me 04104-5029


DEFENDANTS:   Bill Cullen, Tony Bullis and KBM Builders
Sanford Roberts, Esq.
SHAHEEN & GORDON
PO Box 4608
Portsmouth  NH   03801